IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN C. GREEN,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

_____

Civ. No. 6:13-cv-01262-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Susan Green filed this stipulated petition for attorney fees and costs, ECF No. 15, in the amount of $4,135.23[1] under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and 28 U.S.C. § 1920. For the reasons set forth below, plaintiff's petition, ECF No. 15, is GRANTED.

    Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If attorney fees are appropriate, this Court must then determine whether

---

[1] This figure includes $3,735.23 in attorney fees and $400 in costs.

1 – OPINION AND ORDER

the amount of fees requested is reasonable. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because the Government stipulates that plaintiff is entitled to attorney fees, this Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost-of-living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id*. at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[2] plaintiff is awarded fees at the hourly rates of $187.02 for 2.55 hours of work performed by counsel in 2013 and $189.99 for 17.15 hours of work performed by counsel in 2014. Accordingly, plaintiff is awarded attorney fees and costs in the amount of $4,135.23.[3]

---

[2] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Sept. 9, 2014).

[3] Payment of this award shall be paid via check made payable to plaintiff and mailed to plaintiff's attorneys at Harder, Wells, Baron & Manning, P.C., 474 Willamette Street, Eugene, Oregon 97401. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010), this award shall be made payable to plaintiff's attorney if the Commissioner confirms that plaintiff owes no debt to the government through the federal treasury offset program. There are no expenses to be paid herein.

IT IS SO ORDERED.

DATED this 9th day of September, 2014.


_____s/ Michael J. McShane_____

**Michael J. McShane**
**United States District Judge**